UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:
```

DAVID MAXWELL,

                Petitioner,

    v.

JAMES T. CONWAY,
ATTICA CORRECTIONAL FACILITY,

                Respondent.

Case No. 06-CV-14203 (KMK)(LMS)

ORDER ADOPTING REPORT AND
RECOMMENDATION

KENNETH M. KARAS, District Judge:

      David Maxwell ("Petitioner"), proceeding pro se, brings an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts of reckless

endangerment in the second degree, reckless driving, speeding, and unauthorized use of a motor

vehicle in the second degree. (Report and Recommendation ("R&R") 1.) The case was referred

to Magistrate Judge Lisa Margaret Smith for review pursuant to 28 U.S.C. § 636(b).[1] On May 18,

2009, Judge Smith issued an R&R concluding that this Court should deny the Petition in all

respects. (R&R 28.) Petitioner submitted timely objections. (Objections to Magistrate Judge's

R&R ("Obj.").) For the reasons set forth herein and in Magistrate Judge Smith's R&R, the Court

dismisses Petitioner's habeas corpus petition in its entirety.

## I. Background

      The Court adopts and incorporates herein the factual and procedural background of this

case as set forth in Magistrate Judge Smith's thorough R&R. (R&R 1-9.) Petitioner has raised

---

[1] Judge Colleen McMahon, to whom this case was originally assigned, referred the case
to Magistrate Judge Smith. (Dkt. No. 3.) This case was reassigned to this Court on August 6,
2007. (Dkt. No. 12.)

six grounds as the basis for habeas relief: (1) incomplete and/or inaccurate transcripts that denied

him his statutory appellate rights; (2) ineffective assistance of appellate counsel; (3) failure of the

trial court to ensure a fair trial; (4) abuse of the trial court's discretion in sentencing hearings; (5)

prosecutorial misconduct; and (6) falsification of evidence and perjury by police officers.  (Pet'r's

Mem. of Law ("Mem.") 2-3.)[2]

## II.  Discussion

### A.  Standard of Review

#### 1.  Review of Magistrate Judge's Report & Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*,

No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007).[3]  Under 28 U.S.C.

§ 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the

magistrate judge's report and recommendation.  The objections must be "specific" and "written,"

Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of

---

[2] Pleadings submitted by pro se litigants are held to a lesser standard than those drafted
by practicing attorneys. *See Fed. Express Corp. v. Holowecki*, 128 S. Ct. 1147, 1158 (2007)
("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than
other parties.").  Because Petitioner is proceeding pro se, the Court construes his pleadings
liberally so as to interpret them to raise the strongest arguments that they suggest. *See Triestman
v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  To the extent Petitioner's
objections could be construed to raise arguments not presented in the original petition to
Magistrate Judge Smith, however, such arguments are deemed waived. *See Chisholm v.
Headley*, 58 F. Supp. 2d 281, 284 n.2 (S.D.N.Y. 1999) ([A] petitioner is not permitted to raise an
objection to a magistrate judge's report that was not raised in his original petition.").

[3] Copies of all unreported decisions will be sent to Petitioner along with this Order. *See
Lebron v. Sanders*, 557 F.3d 76, 77 (2d Cir. 2009) (per curiam).

2

the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days

when service is made pursuant to Federal Rules of Civil Procedure 5(b)(2)(C)-(F), *see* Fed. R.

Civ. P. 6(d), for a total of seventeen days, *see* Fed. R. Civ. P. 6(a)(2).

Where a party submits timely objections to a report and recommendation, as Petitioner has

here, the district court reviews de novo the parts of the report and recommendation to which the

party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816,

at *1. The district court "may adopt those portions of the . . . report [and recommendation] to

which 'no specific written objection' is made, as long as the factual and legal bases supporting the

findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."

*Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008)

(quoting Fed. R. Civ. P. 72(b)(2)).

### 2. Review of Petition for Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[a]n application

for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

court shall not be granted with respect to any claim that was adjudicated on the merits in State

court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by

the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). Thus, Petitioner is entitled

to habeas corpus relief only if he can show that "the state court 'unreasonably' applied law as

established by the Supreme Court in ruling on [P]etitioner's claim, or made a decision that was

'contrary to' it." *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C.

§ 2254(d)(1)). "While 'the precise method for distinguishing objectively unreasonable decisions

from merely erroneous ones' is somewhat unclear, 'it is well-established in [the Second] Circuit

3

that the "objectively unreasonable" standard of § 2254(d)(1) means that petitioner must identify

some increment of incorrectness beyond error in order to obtain habeas relief.'" *Sorto v. Herbert*,

497 F.3d 163, 169 (2d Cir. 2007) (quoting *Torres v. Berbary*, 340 F.3d 63, 68 (2d Cir. 2003)

(alterations omitted)).  The state court's determination of factual issues is presumed correct, and

Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1); *see also Hoi Man Yung v. Walker*, 468 F.3d 169, 176 (2d Cir.

2006).

    B. Analysis

       1. Inaccurate and Undisclosed Trial Transcripts

      Petitioner argues that his due process and equal protection rights were violated by

inaccurate, incomplete, and altered trial transcripts which prevented him from exercising his full

statutory appellate rights.  (Obj. at unnumbered 10.)  In particular, Petitioner claims the transcript

erroneously reflects that the trial judge elected to charge Count 11 (unauthorized use of a motor

vehicle in the second degree).  According to Petitioner, the trial judge dismissed Count 11 during

the charging conference, but then allowed the charge to go to the jury.  (*Id.* at unnumbered 12.)

Petitioner also argues that his rights were violated because various transcripts of proceedings

related to the issue of whether Petitioner should be sentenced as a persistent felony offender were

not provided to him.  (*Id.* at unnumbered 11.)

      When, as here, a convicted defendant has a statutory right to an appeal, he also has due

process rights relating to the record of his trial.  *See Ake v. Oklahoma*, 470 U.S. 68, 76 (1985)

("[O]nce a State offers to criminal defendants the opportunity to appeal their cases, it must

provide a trial transcript to an indigent defendant if the transcript is necessary to a decision on the

merits of the appeal."); *Burrell v. Swartz*, 558 F. Supp. 91, 92 (S.D.N.Y. 1983) ("[W]here a state

4

provides a statutory right to appeal that right must meet the constitutional requirements of due process.") Among the rights an appellant has is the right "to a reasonably accurate transcript." *Benjamin v. Greiner*, 296 F. Supp. 2d 321, 333 (E.D.N.Y. 2003) (quoting *Curro v. Watson*, 884 F. Supp. 708, 719 (E.D.N.Y. 1995)) (internal quotation mark omitted). Specifically, if a petitioner can show either that the state did not provide a "'fair and adequate procedure' to settle the record," or that the transcript was intentionally altered by a state official, and the petitioner can also show that he suffered actual prejudice from the inaccuracies, omissions, or alterations, then the Due Process Clause of the Fourteenth Amendment may be violated. *Shire v. Costello*, No. 07-CV-285, 2008 WL 2323379, at *7 (S.D.N.Y. June 2, 2008) (quoting *Burrell*, 558 F. Supp. at 92); *see also Van Stuyvesant v. Conway*, No. 03-CV-3856, 2007 WL 2584775, at *37 (S.D.N.Y. Sept. 7, 2007) ("Where . . . a petitioner contends that the record was inadequate to permit a constitutionally fair appeal, this Court should consider the extent of the State's fault in failing to preserve the record, the extent of any prejudice suffered by the petitioner, and whether the state provided the petitioner with an opportunity to reconstruct what was lost."). When the petitioner claims that "the transcript is inaccurate, as opposed to incomplete," he must overcome a "'presumption of regularity'" by substantial evidence. *Shire*, 2008 WL 2323379, at *7 (quoting *Van Stuyvesant*, 2007 WL 2584775, at *37 n.34). Either way, however, a petitioner's mere "'[s]peculation' that missing or incomplete portions of the transcript" created actual prejudice is insufficient. *Id.* (quoting *Godfrey v. Irvin*, 871 F. Supp 577, 584 (W.D.N.Y. 1994)); *see also McCray v. Barkley*, No. 03-CV-4821, 2004 WL 32931, at *12 (S.D.N.Y. Jan. 7, 2004) (rejecting habeas petitioner's claim regarding incomplete transcript because of the lack of any evidence that missing portion of transcript precluded fair appeal or reasonable assistance of appellate counsel).

The Court has reviewed de novo Magistrate Judge Smith's conclusion that Petitioner has failed to establish a constitutional claim based on any issues relating to the transcript of his trial. Simply put, Petitioner has utterly failed to substantiate his self-serving assertion that the state trial judge dismissed Count 11 at the charge conference. In fact, the transcript makes crystal clear that the trial judge intended to charge Count 11 as a lesser included offense to that charged in Count 7. (Trial Tr. 828; *see also id.* at 828-29 (discussing how Count 11 would be charged to the jury).) The transcript makes equally clear that at the charging conference, the trial judge denied Petitioner's counsel's motion to dismiss Count 11:

> [Petitioner's Trial Counsel]: As to counts ten and eleven, we'll move for a trial order of dismissal as to those, although based upon your Honor's previous ruling as to the Criminal Possession of Stolen Property, I believe I know what the Court's ruling will be on that.
>
> . . .
>
> [Prosecutor]: For the record, your Honor, are you denying defendant's application under counts ten and eleven?
>
> THE COURT: Yes.

(Trial Tr. 818-19.) And, immediately before the trial judge charged the jury, the trial judge told counsel "I left in Count 11," to which Petitioner's counsel responded "No disagreement, your Honor." (*Id.* at 891-92.)[4] Moreover, the trial judge later denied Petitioner's motion to settle the record, finding that any errors in the trial transcript were de minimis.[5] (R&R 14-15; Mem. Exh.

---

[4] The trial judge did, however, dismiss Count 10 after summations. (Trial Tr. 890-91.)

[5] The court reporter did note one discrepancy in the trial transcript, but this discrepancy provides no support to Petitioner's argument. Specifically, the court reporter noted that on transcript page 818, though the transcript indicates the trial judge referring to "count one" as being "duplicitous" with the criminal possession of stolen property count, (Trial Tr. 818:23-24), the trial judge actually referred to "count eleven." (Resp't's Mem. of Law & App'x Exh. O.) The trial judge noted and corrected this discrepancy in her order denying Petitioner's motion to settle the record and concluded that it was a de minimis error. (Mem. Exh. C.) As this Order and Magistrate Judge Smith's R&R discuss, this conclusion was correct because Count 11 was

6

C.) This was the conclusion also reached by the court reporter and Petitioner's own appellate counsel upon review of the transcript. (Resp't's Mem. of Law & App'x Exhs. N, O.) And, there is the facial implausibility of Petitioner's claim: that the trial judge dismissed, for reasons never explained by Petitioner, Count 11, and for equally mysterious reasons reinstated it, apparently without either objection from Petitioner's trial counsel or a competent court reporter to record this novel ruling.

In the face of all this, Petitioner offers only a conspiracy theory and his own self-interested version of the transcript. The conspiracy theory — that his *appellate* counsel changed the *trial* transcript because she was married to a state prosecutor — lacks any evidentiary or logical basis. For example, as Magistrate Judge Smith noted, there is no evidence even to support Petitioner's assertion that the appellate counsel authorized her husband-prosecutor to receive the trial transcripts, let alone that the two used such a circumstance as a ruse to alter the transcript. (R&R 24.) And, in the absence of any corroboration — from his counsel, the court reporter, or anybody — of Petitioner's own version of the transcript, Magistrate Judge Smith was correct in rejecting Petitioner's speculative claim of errors in the transcript affecting Petitioner's appellate rights. *See Dory v. Comm'r of Corr.*, 865 F.2d 44, 45 (2d Cir. 1989) (per curiam) (holding that summary dismissal of a habeas petition is warranted where the factual allegations are "patently frivolous or false" or "vague, conclusory, or palpably incredible." (internal quotation marks omitted)).

Petitioner also argues that he should have been provided with transcripts for the proceedings held on June 19, 2001, June 26, 2001, and July 3, 2001. (Obj. at unnumbered 14.)

---

never dismissed by the trial judge.

Petitioner has been provided with a transcript of the proceedings of June 19, 2001.  (R&R 16.)[6]
The only evidence in the record, a letter from Assistant District Attorney Joseph Latino, suggests
nothing substantive occurred on June 26 and that no hearing at all occurred on July 3.  (Letter
from Joseph M. Latino to Hon. Lisa Margaret Smith, Sept. 14, 2007.)  Petitioner does not allege
anything one way or another regarding the June 26 transcript.  There is, therefore, no evidence
upon which to conclude that Petitioner is not in possession of all the relevant and material
transcripts.  Accordingly, the Court agrees with Magistrate Judge Smith's rejection of this
claim.[7]

### 2.  Ineffective Assistance of Appellate Counsel

Petitioner bases much of his objection to the R&R's determination of his ineffective
assistance of appellate counsel claim on the unavailability of the transcripts discussed above.
(Obj. at unnumbered 17-20.)  As noted, the transcript of the hearing on June 19, 2001, was
provided after Petitioner's appeals.  This Court has reviewed a copy of that transcript and it
contains nothing that would have supported any claims Petitioner could have made on appeal.
The hearing was not substantive and, though counsel for both sides put certain facts on the

_____

[6] Indeed, Petitioner's claims relating the June 19, 2001, transcript are telling.  After he
received this transcript (as a result of this Petition), Petitioner moved before the state trial judge
to settle the record of the June 19 proceeding.  In support of his motion, Petitioner proposed an
"amendment" to the transcript, which the trial judge found to be "manufactured of whole cloth."
(Order, *People v. Maxwell*, No. 1481/00 (N.Y. Sup. Ct. Nov. 1, 2007.)  Of course, this finding is
presumptively correct and Petitioner has offered nothing to rebut this presumption.

[7] Petitioner mistakenly relies on *Camillo v. Armontrout*, 938 F.2d 879 (8th Cir. 1991), as
support for the position that he is not required to prove what happened at the proceedings and
that this Court is not permitted to draw any inferences from a silent record.  (Obj. at unnumbered
14.)  *Camillo* dealt with the right of a petitioner and his counsel to be present at a hearing and
said nothing whatsoever that is relevant to the burden Petitioner must meet to establish a due
process violation based on a missing transcript of a scheduling conference.  *See Camillo*, 938
F.2d at 881.

record, argument was not heard. (*See generally* Tr. of Hr'g, No. 1481-00, *People v. Maxwell*

(N.Y. Sup. Ct., June 19, 2001).)

This Court has a duty to construe a pro se petitioner's pleadings liberally, and so

interprets Petitioner's objections to also challenge the R&R's discussion of Petitioner's rights to

competent appellate counsel. The test for ineffective assistance of counsel is well established:

> To establish . . . [a] violation of his right to effective assistance of counsel, a
> claimant must satisfy both prongs of the two-part test articulated in *Strickland v.*
> *Washington*, 466 U.S. 668 (1984). This test is "rigorous," *Lindstadt v. Keane*,
> 239 F.3d 191, 199 (2d Cir. 2001), and "highly demanding," *Kimmelman v.*
> *Morrison*, 477 U.S. 365, 382 (1986). To satisfy it, a claimant must show both
> that "counsel's performance was deficient *and* "that the deficient performance
> prejudiced the defense." *Strickland*, 466 U.S. at 687.

*Pavel v. Hollins* 261 F.3d 210, 216 (2d Cir. 2001) (emphasis in original). When Petitioner's

claim is based on counsel's failure to raise certain merits claims, as it is here, Petitioner has the

burden of showing that the ignored issues were "clearly stronger than those presented" in order

to overcome "the presumption of effective assistance of counsel." *Smith v. Robbins*, 528 U.S.

259, 288 (2000) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Moreover,

appellate counsel is entitled to exercise "professional judgment" and may refuse to raise "every

colorable issue" in favor of focusing on the stronger arguments. *Jones v. Barnes*, 463 U.S. 745,

751, 753 (1983).

Petitioner predicates his ineffective assistance of appellate counsel argument on three

claims: that counsel (1) failed to obtain the relevant transcripts before arguing the appeal; (2) did

not raise Petitioner's argument that Count 11 of the Indictment, on which Petitioner was

ultimately convicted, was dismissed and then subsequently charged to the jury, and that the

transcripts were then altered to remove the dismissal of the charge; and (3) drafted a poorly

written brief. (Mem. 17.)

9

The first argument is discussed, and rejected, above. Petitioner's second argument relies on his claim of transcript tampering which, as discussed above, is unsubstantiated. The R&R correctly notes that Petitioner's third claim is vague and conclusory enough to warrant summary dismissal, but even if Petitioner were to have demonstrated that the brief was poorly drafted, he would still need to establish prejudice to him from the poor draftsmanship, and he has not. (R&R 18 (citing *Dory*, 865 F.2d at 45).) Furthermore, as Magistrate Judge Smith's R&R notes, most of the arguments Petitioner asserts his appellate counsel ignored were raised by Petitioner himself in a supplemental appellate submission. All were rejected either on their merits or on procedural grounds. (R&R 18-19.)

### 3. Denial of a Fair Trial

Petitioner's claim that he was denied a fair trial once again relies on his claim that the transcripts of the proceedings have been altered. In particular, Petitioner asserts that the trial judge dismissed the unauthorized use of a motor vehicle charge (Count 11), but still submitted it to the jury as a lesser included offense of criminal possession of stolen property (Count 7). That claim having been rejected, this Court has nothing to add to the R&R, which accurately summarizes the record conclusively demonstrating that petitioner was not convicted on a count that the Court had previously dismissed and was not otherwise denied a fair trial. (R&R 20-21.)

### 4. Abuse of Discretion by Trial Court

Petitioner argues that the trial court abused its discretion by allowing the prosecutors to file a second persistent felony offender statement after the first one failed to meet all the requirements of New York law. (Mem. 22-23.) This is a matter of state law, which is not a proper ground for federal habeas review. *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002) ("It is well established that a federal habeas court does not sit to correct a misapplication

of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).  Petitioner is also mistaken about the nature of the documents, as explained in the R&R.  (R&R 22.)

Petitioner alleges that the trial court allowed the two submissions out of bias and that the Judge therefore violated Petitioner's due process rights.  (Mem. 22; Obj. at unnumbered 21.) Petitioner offers no evidence to substantiate his claim of bias and the claim can, therefore, be summarily dismissed.  *See Dory*, 865 F.2d at 45; *Shire*, 2008 WL 2323379, at *9.

### 5.  Prosecutorial Misconduct

Petitioner does not object to the R&R's conclusion that no habeas relief should be afforded based on Petitioner's claim that <u>Rosario</u> material was withheld at the grand jury proceedings.  (Mem. 25-26; Obj. at unnumbered 23.)  This Court has reviewed the R&R and finds no error, clear or otherwise, in the <u>Rosario</u> discussion and therefore adopts the R&R as to that claim as if reproduced herein.  (R&R 22-23.)

Petitioner also alleges prosecutorial misconduct in two other forms: conspiracy with appellate counsel and forgery on one of the persistent felony offender statements.  (Obj. at unnumbered 23-25.)  The alleged conspiracy between Petitioner's first appellate counsel and her husband (who was a prosecutor, though not one alleged to have worked on Petitioner's case), revolves around the supposed alterations to the transcripts discussed, and dismissed, above. Furthermore, as stated in the R&R, Petitioner's first appellate counsel was removed and new counsel assigned, and there is no claim, let alone evidence, that the appeal counsel filed was in any way influenced by Petitioner's first appellate counsel.  (R&R 24.)  Similarly, even if Petitioner is correct that the Assistant District Attorney signed the persistent felony offender statement on the District Attorney's behalf without permission (and there is no evidence in the

11

record to suggest this), nothing contained in the statement is alleged to have been untrue, and the statement was not used in any improper way or without proper authorization. It is, therefore, impossible for Petitioner to demonstrate that he suffered prejudice as a result of the alleged misconduct, let alone that any federal right was violated.

### 6.  Police Misconduct

In his objections to the R&R, Petitioner withdraws his claim that the police manufactured evidence and committed perjury. (Obj. at unnumbered 25.) Pro se petitions are to be read liberally, so the Court treats that withdrawal as if the Petitioner had simply made no objection. This Court has reviewed the R&R on this point and, finding no error, clear or otherwise, adopts it fully as if reproduced herein. (R&R 26-28.)

### III.  Conclusion

For the reasons set out above, Petitioner's application for a writ of habeas corpus is denied in its entirety. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000). In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of the Court is respectfully requested to close this case.

SO ORDERED.

Dated:      White Plains, New York
            October 18 , 2010

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

12

Service List (by Mail and ECF):
David Maxwell (01-A-5912)
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

John James Sergi, Esq.
Westchester County District Attorney
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, New York 10601
jsergi@westchesterda.net

Joseph M. Latino, Esq.
Westchester County Courthouse
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, New York 10601